IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOE LOUIS REECE,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:13-cv-982-O |
| | § | |
| **U.S. BANK NATIONAL ASSOCIATION** | § | |
| **et al.,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court are Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 5), filed December 18, 2013; Brief in Support of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 6), filed December 18, 2013; Appendix to Brief in Support of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 7), filed December 18, 2013; Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 11), filed January 6, 2014; and Reply in Support of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 14), filed January 17, 2014. Having reviewed the motion, the related briefing, and the applicable law, the Court finds that Defendants' Motion to Dismiss Plaintiff's First Amended Complaint should be and is hereby **GRANTED**.

I.  **FACTUAL & PROCEDURAL BACKGROUND**

Plaintiff Joe Louis Reece ("Plaintiff"), proceeding *pro se*, commenced this action in state

court in Tarrant County, Texas, on February 28, 2013. *See* Notice Removal 2, ¶ 1, ECF No. 1. Thereafter, Defendants U.S. Bank National Association, ("U.S. Bank"), Wm. Lance Lewis ("Lewis"), and R. Kendall Yow ("Yow") (collectively, "Defendants") removed the action to this Court on the basis of diversity jurisdiction. *Id.* This case arises from the foreclosure of Plaintiff's home and the subsequent eviction of Plaintiff from his home. *See id.* Ex. A-24 (1st Am. Compl.), 3-4, ECF No. 1-1. Plaintiff is a citizen of Texas, and U.S. Bank is a citizen of Ohio. *Id.* at 5, ¶¶ 10, 12. Defendants contend that Lewis and Yow, both Texas citizens, have been improperly joined, and therefore, complete diversity exists. *Id.* at 5, ¶ 13; *see id.* Ex. A-24 (1st Am. Compl.), 3, ECF No. 1-1.

The following facts are drawn from Plaintiff's First Amended Complaint.[1] *See id.* Ex. A-24 (1st Am. Compl.), ECF No. 1-1. On December 17, 2004, Plaintiff obtained a loan using his home as security. *Id.* at 3, ¶ 8. Plaintiff signed a promissory note ("Note") that required him to pay $142,500.00 and executed a deed of trust that named Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee and beneficiary. *Id.* Plaintiff's home was sold at a foreclosure sale on June 5, 2012. *Id.* On August 15, 2012, U.S. Bank filed a forcible eviction proceeding against Plaintiff, which the justice of the peace court granted on August 30, 2012. *Id.* At an October 10, 2013 hearing in state court, Lewis and Yow asked Plaintiff whether he wanted to settle this case out of court. *Id.* at 4, ¶ 10. On October 24, 2013, Plaintiff was evicted from his home. *Id.*

In the instant action, Plaintiff asserts that U.S. Bank may not enforce the Note; the substitute trustee failed to give required notice to the IRS; U.S. Bank violated the Texas Finance Code by using

---

[1] In reviewing a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007).

2

a previously sanctioned foreclosure firm; and that it is illegal for MERS to be a beneficiary to the deed of trust. *Id.* at 5-9, ¶¶ 11-20. Additionally, Plaintiff seeks a declaratory judgment that: (1) U.S. Bank is not entitled to enforce the Note and (2) Lewis and Yow committed fraud on the Court by deceiving Plaintiff. *Id.* at 9, ¶ 21. Plaintiff also asks the Court to permanently enjoin and restrain U.S. Bank and all others from retaining custody and control over his home and seeks court costs, litigation expenses, a return of "all money paid in connection with the loan that was not applied to the principal amount of the loan or escrowed for property taxes or homeowner's insurance"; the total cost of Plaintiff's home as compensatory damages against U.S. Bank; and $2,000,000.00 in punitive damages against Lewis and Yow. *Id.* at 9, ¶¶ 21-23.

Presently before the court is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint. Defendants request that the Court dismiss all causes of action against them because Plaintiff's complaint does not state a cause of action upon which relief may be granted. *See* Br. Supp. Defs.' Mot. Dismiss 14, ECF No. 6. Plaintiff filed its response on January 6, 2014, and Defendants filed their reply on January 17, 2014 (ECF Nos. 11 & 14). Accordingly, this matter has been fully briefed and is ripe for determination.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff's pleading to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) ("[A] complaint . . . must

3

provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true raise a right to relief above the speculative level.") (internal quotation marks and citations omitted). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the compliant has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). While legal conclusions can provide "the framework" of a complaint, they must be supported by factual allegations. *Iqbal*, 556 U.S. at 679; *see also Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678-79; *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) ("[W]e will not strain to find inferences favorable to the plaintiffs and we will not

4

accept conclusory allegations, unwarranted deductions, or legal conclusions.") (internal quotation marks and citation omitted). When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679.

### III. ANALYSIS

Defendants ask the Court to dismiss Plaintiff's First Amended Complaint in its entirety because Plaintiff fails to state any claim upon which relief may be granted. *See* Br. Supp. Defs.' Mot. Dismiss 14, ECF No. 6. Recognizing that Plaintiff is *pro se*, the Court has given his pleading a liberal construction. The Court will first address the documents of which the parties ask the Court to take judicial notice before addressing the sufficiency of Plaintiff's complaint.

#### A. Judicial Notice

"Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations and internal quotation marks omitted). A court may take judicial notice of matters of public record. *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir. 1994)); *see also DTND Sierra Invs. LLC v. Bank of N.Y. Mellon Trust Co., NA.*, ___F. Supp. 2d___, 2013 WL 3894946, at *3 (W.D. Tex. 2013) (taking judicial notice of deed of trust and assignment document that had been recorded).

Defendants ask the Court to take judicial notice of the following: (1) the deed of trust from Plaintiff and Claudier Reece to MERS ("Deed of Trust"), (2) the assignment of the Deed of Trust from MERS to U.S. Bank ("Assignment"), and (3) the forcible detainer petition filed August 15,

2012, in Tarrant County ("Forcible Detainer Petition"). *See* Br. Supp. Defs.' Mot. Dismiss 4, ECF No. 6. Both the Deed of Trust and Assignment were recorded in the real property records for Tarrant County. Accordingly, the Court will take judicial notice of the foregoing documents, which are in the public record.

Plaintiff asks the Court to take judicial notice of a report issued by a congressional panel concerning fraudulent foreclosures. *See* Pl.'s Opp'n 4, ECF No. 11. The Court declines to do so because the report is not relevant to the claims asserted by Plaintiff against Defendants. *See United States ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co.*, 668 F. Supp. 2d 780, 789 (E.D. La. 2009) (citing *Gisclair v. Galliano Marine Serv.*, 2007 WL 1266396, at *1 (E.D. La. Apr. 30, 2007)) (stating courts should not take judicial notice of irrelevant facts).

**B.     Authority to Enforce the Note**

Plaintiff asserts that U.S. Bank may not enforce the Note because it is not the holder of the Note and the Note was never legally assigned to U.S. Bank. *See* Notice Removal, Ex. A-24 (1st Am. Compl.), 5-6, ¶¶ 11-15, ECF No. 1-1. "Under Texas law, a non-judicial foreclosure may be initiated by the current mortgagee including: the grantee, beneficiary, owner, or holder of a security instrument; a book entry system; or the last person to whom the security interest has been assigned of record." *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 342 (5th Cir. 2013) (quoting Tex. Prop. Code § 51.0001(4)) (internal quotation marks omitted). Having taken judicial notice of the Assignment and the Deed of Trust, the Court finds Plaintiff fails to state a claim on this ground. *See* App. Br. Supp. Defs.' Mot. Dismiss Pl.'s 1st Am. Compl. Exs. A & B (Deed of Trust & Assignment), App. 1-26, ECF No. 7-1.

### C. Notice Under the Internal Revenue Code

In his complaint, Plaintiff asserts that the "substitute trustee" failed to give notice as required by Section 7425 of the Internal Revenue Code. *See* Notice Removal, Ex. A-24 (1st Am. Compl.), 6, ¶ 16, ECF No. 1-1. Section 7425 is "intended to protect the United States, where its tax lien is junior, from its discharge under state law without prior notice to the United States of proceedings by which the property is sold." *Myers v. United States*, 647 F.2d 591, 596 (1981); *see also* 26 U.S.C. § 7425. Plaintiff does not contend that the United States had any interest in his home. Accordingly, the Court finds that Plaintiff fails to state a claim on this ground.

### D. Texas Finance Code

Defendants contend that Plaintiff fails to state a claim under Section 392.306 of the Texas Finance Code. Plaintiff did not respond to this argument. In his First Amended Complaint, Plaintiff asserts that U.S. Bank violated the Texas Finance Code by using the firm of Barrett Daffin Frappier Turner & Engle, L.L.P. ("Barrett") to initiate the eviction proceeding.[2] *See* Notice Removal, Ex. A-24 (1st Am. Compl.), 7, ¶¶ 18-19, ECF No. 1-1. Specifically, Plaintiff contends Barrett "has been sanctioned multiple times in the state of Texas for its violation of debt collection practices. Defendant US Bank has violated Texas law." *Id.* ¶ 19 (citation omitted).

Section 392.306 of the Texas Finance Code states: "[a] creditor may not use an independent debt collector if the creditor has actual knowledge that the independent debt collector repeatedly or continuously engages in acts or practices that are prohibited by this chapter." Tex. Fin. Code Ann. § 392.306. Chapter 392, the Texas Debt Collection Act ("TDCA"), "prohibits debt collectors from

---

[2] Defendants actually used a different firm to initiate the eviction proceeding. *See* App. Br. Supp. Defs.' Mot. Dismiss Pl.'s 1st Am. Compl. Ex. C (Forcible Detainer Pet.), App. 27-67, ECF No. 7-1.

7

making fraudulent, deceptive, or misleading representations concerning the character, extent, or amount of a consumer debt" or " from using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer." *Cook-Bell v. Mortg. Elec. Registration Sys., Inc.*, 868 F. Supp. 2d 585, 590 (N.D. Tex. 2012) (Fish, J.) (quoting Tex. Fin. Code Ann. §§ 392.304(a)(8), (a)(19)) (internal quotation marks omitted).

Plaintiff attached three exhibits to his First Amended Complaint, which report various sanctions against Barrett. *See* Notice Removal, Ex. A-24 (1st Am. Compl.), 13-15, ECF No. 1-1. The three documents, however, do not refer to the TDCA. *See id.* Additionally, Plaintiff does not plead any facts showing Defendants had "actual knowledge that the independent debt collector repeatedly or continuously engages in acts or practices that are prohibited by this chapter." Tex. Fin. Code Ann. § 392.306. Lastly, Plaintiff does not plead any actual damages suffered as a result of Defendants' alleged violation of the TDCA. *See* Tex. Fin. Code Ann. § 392.403. Accordingly, the Court finds that Plaintiff fails state a claim under Section 392.306 of the Texas Finance Code.

**E.     Fraud**

Defendants argue that Plaintiff fails to state a claim for fraud under Texas law against Lewis and Yow (collectively, "Attorneys") and that the Attorneys are also protected by attorney immunity. Plaintiff alleges that the Attorneys:

> inquired as to what [sic] the Plaintiff wanted to settle the case out of Court, leading the Plaintiff to believe that a possible deal could be worked out. Little known to the Plaintiff, the [Attorneys] were working in the background, to evict the Plaintiff before any deal could be arranged. [The Attorneys] have fraudulently set forth into motion an eviction of the Plaintiff, by the Sheriff, on October 24, 2013.

Notice Removal, Ex. A-24 (1st Am. Compl.), 4, ¶ 10, ECF No. 1-1. To state a claim for fraud,

Plaintiff must show that the Attorneys: (1) made a material representation that was false; (2) "knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth"; (3) intended to induce Plaintiff to rely upon the representation, and (4) Plaintiff actually and justifiably relied on the representation and suffered injury as a result. *E.g.*, *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001) (citing *Trenholm v. Ratcliff*, 646 S.W.2d 927, 930 (Tex. 1983)). The Court concludes that Plaintiff failed to plead that the Attorneys made a false statement.

Moreover, under Texas law, a party may not sue an opposing attorney for conduct that was part of the attorney's discharge of duties in the lawsuit. *Taco Bell Corp. v. Cracken*, 939 F. Supp. 528, 531-32 (N.D. Tex. 1996) (Fitzwater, J.) (applying *Bradt v. West*, 892 S.W.2d 56 (Tex. App.—Houston [1st Dist.] 1994, writ denied)); *see also Lewis v. Am. Exploration Co.*, 4 F. Supp. 2d 673, 676-79 (S.D. Tex. 1998); *McCampbell v. KPMG Peat Marwick*, 982 F. Supp. 445, 447-48 (N.D. Tex. 1997) (Kaplan, Mag. J.). This immunity extends to alleged fraud by an attorney in the course of litigation. *See Taco Bell Corp.*, 939 F. Supp at 533.

Plaintiff relies on two cases in which courts allowed claims against attorneys to proceed. *Querner v. Rindfuss*, 966 S.W.2d 661 (Tex. App.—San Antonio 1998, pet. denied); *Likover v. Sunflower Terrace II, Ltd.*, 696 S.W.2d 468, 472 (Tex. App.—Houston [1st Dist.] 1985, no writ). These cases, however, are distinguishable.

> *Likover* . . . involves allegations that the lawyer sued assisted clients in fraudulent business schemes and did not involve actions taken in the context of litigation. . . . In *Querner*, the issue was not whether an attorney could be liable to opposing parties, to whom he owed no duties, for actions taken in the course of discharging duties owed only to his client in litigation. In contrast, the issue was whether an attorney for an estate was liable to beneficiaries of that estate, when the attorney had held himself out as owing duties to those

9

>   beneficiaries, might be in privity or in a fiduciary relationship to
>   them, and might have participated in converting assets.

*Lewis*, 4 F. Supp. 2d at 679. Accordingly, the Court finds that Plaintiff fails to state a claim for fraud against the Attorneys.

### F.     MERS as Beneficiary to the Deed of Trust

Plaintiff contends it is a "factual impossibility" for MERS to be a beneficiary to the Deed of Trust. Notice Removal, Ex. A-24 (1st Am. Compl.), 8, ¶ 20, ECF No. 1-1. *"*Numerous federal district courts have addressed this question, and each has concluded that Texas recognizes assignment of mortgages through MERS and its equivalents as valid and enforceable without production of the original, signed note." *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 253 (5th Cir. 2013); *see generally Preston v. Seterus, Inc.*, 931 F. Supp. 2d 743, 756-58 (N.D. Tex. 2013) (Lindsay, J.) (rejecting "show-me-the-note" theory). Accordingly, the Court finds that Plaintiff fails to state a claim on this ground.

### IV.    CONCLUSION

In light of the foregoing, the Court concludes that Plaintiff fails to state any claim upon which relief may be granted. Accordingly, Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 5) is **GRANTED**, and Plaintiff's claims against Defendants are **DISMISSED with prejudice**.[3]

**SO ORDERED** on this **28th day** of **January, 2014**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff's claims present no possibility of recovery, and thus, any additional amendment would be futile.